JAMES A. BUCHANAN, RESPONDENT, v. L. VICTOR
HUNT, APPELLANT.

*Exemption of property from execution — the law of the forum and not that of the place of the defendant's residence controls — a non-resident cannot claim here the benefit of a foreign exemption law.*

February 16, 1884, the plaintiff procured an order for the examination of the defendant in supplementary proceedings instituted upon a judgment recovered in this action, which order was served upon the defendant within this State. Upon the hearing the defendant appeared in person and by counsel. From his examination it appeared that he was unmarried and an employe of the Erie Railway Company and resided at Hawley, Pennsylvania; that after the service of the order he received from the company in Pennsylvania money due from it to him, and that there was a further sum due from the company to him at the time the said order was served. Thereupon an order was made directing him to pay over to the sheriff the money so received, and directing the company to pay to the sheriff the amount due from it to the defendant.

*Held,* that this was proper, and that the fact that by the laws of Pennsylvania the money and wages were exempt from execution and attachment did not relieve the defendant from the obligation of complying with the terms of the order.

That the question of exemption was to be determined by the laws of this State and not by those of Pennsylvania.

APPEAL from an order made by the county judge of Orange county on the 22d day of March, 1884, in proceedings supplementary to execution in the above entitled action.

On the 16th day of February, 1884, the plaintiff procured an order for the examination of the defendant in such proceedings, which was duly served upon him in Orange county, in this State, on that day. On the return of the order the judgment debtor applied for and secured an adjournment of the proceedings, and on the adjourned day the judgment debtor appeared in person and by counsel and was examined. The examination disclosed the facts that the judgment debtor was employed by the Erie Railway Company as agent at Hawley, Pennsylvania; that he was an unmarried man; that after the service of the order he drew his wages due from the railroad company at Hawley, Pennsylvania, and retained them; that about thirty dollars for his wages up to February 16, 1884, were due him from the railroad company at the time the

order was served, and that no receiver of his property had been appointed. Upon such proceedings and examination the judgment creditor made a motion before the county judge for an order that the judgment debtor pay over the money in his possession to a sheriff to be designated in the order, and also that the railroad company pay to such sheriff the said sum due to the judgment debtor from it up to February 16, 1884, as disclosed by said examination, which motion was granted.

*Lewis E. Carr*, for the appellant.

*John W. Lyon*, for the respondent.

PRATT, J. :

The court below acquired jurisdiction of the person of the judgment debtor, and he is fully amenable to its process. The remedies to which parties are entitled, and the operation of which they must abide, depend upon the law of the forum. To what extent their operation shall be restrained or limited by exemption laws must also depend upon the *lex fori*. A non-resident coming into this State may claim the protection of our laws equally with our own citizens. But while within our borders he may not claim to be outside the laws by which the rights of litigants are here determined. Some theorists have argued that all laws for the collection of debts should be abolished, and that may yet become the policy of a sister State. Will a citizen of such State, sued here, then be clothed in our courts with immunity from the attacks of his creditors. The right to arrest the body of a debtor differs in various States, and in some is entirely abolished. Can a citizen of such States arrested here for tort, go free because at home his creditor would not have that remedy. When a non-resident litigating here is allowed the same rights which our citizens enjoy, he can claim nothing further.

These principles require the order appealed from to be affirmed, with costs.

Present,— BARNARD, P. J., DYKMAN and PRATT, JJ.

Order of county judge affirmed, with costs.